785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IRVING NORTH, Petitioner-Appellant,
v.
CALVIN EDWARDS, Respondent-Appellee.
 85-1442
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 BEFORE: LIVELY, Chief Judge; and MERRITT and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Irving North, was sentenced in July, 1979, to a total of eight years in prison for convictions on mail fraud and interstate transportation of forged securities. On April 27, 1983, North was released on parole with 1767 days left to be served.
 
 
 2
 On April 17, 1984, the Parole Commission issued a parole violater warrant charging North as follows:
 
 
 3
 #1.--HARASSMENT.
 
 
 4
 During the month of November, 1983, North is alleged to have harassed Ms. Janice Watkins by means of telephone calls, letters and messages in violation of Section 42.07 of the Texas Penal Code. Information contained in letter dated April 17, 1984, and support documents by USPO Wheelis.
 
 
 5
 #2.--(A) Terroristic Theats.
 
 
 6
 (B) HARASSMENT.
 
 
 7
 From on or about January 3, 1984, to April 17, 1984, North is alleged to harassed and threatened to assault and rape Shirley M. Falls by means of phone calls, letters, and messages. This is in violation of Section 22.07 of the Texas Penal Code. Information contained in letter dated April 17, 1984, by USPO Wheelis; and letter dated April 17, 1984, by Shirley Falls.
 
 
 8
 After a postponement and change of appointed counsel, the Parole Commission notified North on May 9, 1984, that the preliminary hearing would be conducted as a final revocation hearing. On May 21, 1984, North requested a postponement of the revocation hearing so that he could obtain a report from his new psychiatrist, Dr. Price. The request was denied because the Commission had already made arrangements for witnesses at the hearing and because the Commission already had two other psychological reports presented.
 
 
 9
 During the testimony of one of the witnesses who produced numerous threatening letters and communications from North, the petitioner was excluded from the hearing for what the hearing officer deemed to be 'good cause.' Due to apprehension of this witness, who had been subject to blackmail and threats of violence against her, the hearing officer felt that she would be intimidated by petitioner's presence. Although North was excluded, his attorney cross-examined her concerning her testimony.
 
 
 10
 The revocation hearing was conducted on May 23, 1984, before Commissioner Allgood.[1] After reviewing various documents and hearing various witnesses, Commissioner Allgood recommended that North be found to have committed the offenses of harassment and blackmail, with offense severity four, and that he be retained in custody until the expiration of his sentence.
 
 
 11
 In a subsequent memo, Hearing Examiner Brown disagreed with Allgood's recommendation regarding the charge of terroristic threats because she believed that a threat of violence had not been proven. She recommended instead that North be found to have committed attempted blackmail and obstruction of justice under threat of informing. The latter offense was 'extrapolated from the original charge of terroristic threats.' She agreed with Allgood's recommended offense severity rating and the recommendation to continue North in custody until expiration of sentence. The Administrative Hearing Examiner recommended that the offense severity be reduced to three. In all other ways he agreed with Hearing Examiner Brown.
 
 
 12
 On June 6, 1984, the United States Parole Commission ordered North's parole revoked, after finding him guilty of harassment of Ms. Watkins, harassment of Ms. Falls, and attempted blackmail and obstruction of justice under threat of informing. The Parole Commission classified North's parole violation as new criminal conduct of category three severity and gave him a salient factor score of 5. The reparole guidelines indicated a range of 18-24 months to be served, but the Parole Commission decided to continue North in custody until expiration of his sentence, although above the guidelines, because of his prior history of blackmail.
 
 
 13
 On June 7, 1984, North submitted Dr. Price's psychological evaluation for the Parole Commission to consider. The Regional Parole Commissioner reviewed the report and determined that it did not warrant a different decision in the case. Both the Regional Parole Commissioner and the National Appeals Board affirmed the decision of the Parole Commission.
 
 
 14
 North brought a petition for writ of habeas corpus, alleging due process violations and abuse of discretion in the Commission's actions. United States District Judge John Feikens denied the petition. This appeal followed.
 
 
 15
 Generally, our standard of review of actions of the Parole Commission is limited to a determination of whether the Commission abused its discretion in revoking parole. See, e.g., Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984). If, however, a petitioner alleges due process violations, Morrissey v. Brewer, 408 U.S. 471 (1972), provides the minimum requirements of due process. These requirements include:
 
 
 16
 (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.
 
 
 17
 Id. at 489. Our review of North's arguments are narrowly confined, and the district court dealt with all the issues raised in a thorough fashion, finding no violation of petitioner's constitutional rights and that fair consideration essentially of each of his contentions had been given by the Commission.
 
 
 18
 In sustaining the actions of defendant and the Parole Commission as in conformity to due process requirements, the district court discussed the following claims of error by North:
 
 
 19
 1) Failure to adjourn the hearing for submission of a psychiatric examination. (Petitioner was later able to submit this report for consideration after the hearing).
 
 
 20
 2) Exclusion of petitioner during testimony of witness Falls. (Morrissey v. Brewer, supra, explicitly provides that a petitioner's right to confront witnesses could be curtailed. No prejudice was demonstrated in any event by this action).
 
 
 21
 3) The hearing examiner had presided over previous hearings involving petitioner and had ruled adversely to him. (No bias of any kind was shown).
 
 
 22
 4) Reliance on acts of harassment after the parole violator warrant had been issued. (The nature of these acts was the same as the acts set out in the warrant and simply continued to occur).
 
 
 23
 5) Alleged improper calculation of the severity rating. (No error was established).
 
 
 24
 6) Commission's decision to go outside the guidelines. (A matter of its discretion).
 
 
 25
 For the reasons more fully expressed by Judge Feikens in his discussion of the issues, we find that petitioner has failed to demonstrate that his rights were violated as claimed. Accordingly, we AFFIRM.
 
 
 
 [1]
 Before the district court, petitioner cited as error the fact that only one hearing examiner presided over the hearing. Judge Feikens disposed of the issue. Petitioner does not assign this as error on appeal